■ SECURITY INSURANCE COMPANY OF HARTFORD, Plaintiff, v. UTILITIES CONTRACTORS, INC., Defendant.— Judgment unanimously granted in favor of plaintiff, without costs, declaring that plaintiff is not obligated under the submitted policy of insurance to pay any judgment which may be rendered against defendant in the action brought against defendant by Orville Costich. Memorandum: In this action on submitted facts plaintiff (insurer) and defendant (insured) seek a judgment declaring whether or not plaintiff is obligated by the terms of a policy of liability insurance issued August 1, 1964 to pay a judgment which may be rendered against defendant in a pending action for injuries allegedly caused by defendant's negligence. On November 1, 1962 defendant completed a contract for the removal of utility poles from Phillips Road. Thereafter on January 12, 1965, defendant notified plaintiff that on November 1, 1964 its foreman pulled an old pole on Phillips Road and that on January 5, 1965 Mr. Costich stepped out of his car into the hole. Costich sued defendant on June 15, 1966 and on August 24, 1966 plaintiff notified defendant that its attorneys were conducting the defense of the suit. Thereafter on October 10, 1966 defendant corrected an error in its report of the accident changing the date when it completed the Phillips Road job from November 1, 1964 to November 1, 1962. On November 8, 1966 defendant's superintendent gave plaintiff a written statement that the job was completed in November 1962 and stated "When we finished in Nov. 1962 we were not to return for any reason." On November 21, 1966 plaintiff by letter notified defendant that the policy did not provide completed operations coverage for defendant. Plaintiff's letter further stated: "We have undertaken the defense of this action and will continue to defend you with the distinct understanding that under the terms of the policy * * * we cannot be responsible for the payment of

any verdict against your firm alone." The declarations of the policy excluded coverage for the hazard of "Products (Including Completed Operations)." The policy defines Products Hazard as follows: The term "Products Hazard" means "(2) Operations, if the accident occurs after such operations have been completed or abandoned and occurs away from premises owned, rented or controlled by the named insured". We find that the accident in this case occurred after such operations were completed and away from premises owned, rented or controlled by defendant. The policy limited plaintiff's liability to accidents occurring during the progress of the work and excluded liability for this accident which occurred after the work was completed (*Berger Bros. Elec. Motors* v. *New Amsterdam Cas. Co.*, 293 N. Y. 523). We further find that plaintiff did not know that the accident occurred after defendant's operations on Phillips Road had been completed until it was informed of that fact by defendant on October 10, 1966. Plaintiff by its 42-day delay, thereafter, during which it investigated the completion date and obtained a statement of defendant's foreman before disclaiming liability on November 21, 1966, did not waive its right to disclaim. There was no change in defendant's position during that period which would estop plaintiff from asserting its rights under the policy. (Submission of controversy upon agreed statement of facts filed in Monroe County Clerk's office on September 7, 1967, in action on an insurance contract.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.